BUTTE CITY ST. RY. CO. v. PACIFIC CABLE RY. CO.

(Circuit Court of Appeals, Ninth Circuit.   February 5, 1894.)

No. 120.

1. PATENTS—INVENTION—CABLE RAILWAYS.
    In view of the prior art, there was no invention in simply placing the gripping device of a cable railway upon a "dummy" car, and attaching the latter to one of the carrying cars.   55 Fed. 760, reversed.

2. SAME.
    The Hallidie patent, No. 182,663, for an improvement in street cable railways, is void for want of invention.   55 Fed. 760, reversed.

Appeal from the Circuit Court of the United States for the District of Montana.

In Equity.   Bill by the Pacific Cable Railway Company against the Butte City Street Railway Company for infringement of letters patent No. 182,663, granted September 26, 1876, to Andrew J. Hallidie, for an improvement in cable railways.   The patent was sustained by the court below, and infringement declared.   55 Fed. 760.   Defendant appeals.   Reversed.

Warren Olney, (Geo. H. Knight, on the brief,) for appellant.
Wm. F. Booth, for appellee.

Before McKENNA and GILBERT, Circuit Judges, and ROSS, District Judge.

McKENNA, Circuit Judge.   This is an action for an infringement of patent for an improvement in street cable railways, issued to Andrew J. Hallidie, September 26, 1876, and assigned to appellee.   The patent recites that the "invention relates to that class of street railways in which the cars are propelled along the track by means of an endless rope or chain;" but such railroads are now very familiar, and need no long description.   The inventor says:

"This system of propelling railway cars has long been used upon uniform planes.   Sometimes these planes were inclined, and sometimes they were horizontal; but previous to my invention it was never made available for long lines of railway which passed over changing levels, or for propelling the cars over steep inclines, in the length of a road which was operated by horse or other power at either end of the line, so that the same car could proceed from one system of propulsion to the other without trouble or delay.   My invention is intended to accomplish this object by providing a separate truck or car, which I call a 'dummy' for supporting and carrying the gripping device, and which will be a permanent part of the road, while the car to be propelled is simply connected by a coupling with this car or dummy, so that it can be disconnected and run upon another track without disarranging any of the mechanism connected with the gripper."

The appellant (respondent in the court below) urges, among other defenses, that the patent is void for want of invention, and that it has been anticipated.   The infringement of the patent consists solely of placing the gripping device on a "dummy" car, and attaching the latter to one of the carrying cars.   In view of the state of the art, as disclosed by the evidence and in common knowledge, we do not think this involved invention.

Judgment and decree reversed, and cause remanded, with directions to dismiss the bill.